IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John G. Spirko, Jr.  Case No. 3:95CV7209

        Plaintiff

   v.  ORDER

Margaret Bradshaw, Warden,

        Defendant

      This is a habeas corpus proceeding in which the petitioner, following denial of his petition by the undersigned and affirmance of that denial on review, has filed a motion under Fed. R. Civ. P. 60(b) to vacate this court's judgment dismissing his habeas petition. That motion challenges the integrity of the proceedings in this court; it does not directly challenge the underlying conviction.

      Pending is petitioner's motion to stay execution, which the Ohio Supreme Court has scheduled for September 20, 2005.

      For the reasons that follow, that motion shall be denied, without prejudice to renew.

      The principal problem raised by the petitioner's motion is that there is no clear basis on which it can be granted. Stays of execution in habeas corpus proceeding involving a state prisoner are controlled by 28 U.S.C. § 2251. Under that provision, a stay may issue pending adjudication of the habeas petition or after a judgment in the petitioner's favor in such proceeding.  Nothing in § 2251 expressly authorizes a stay pending adjudication of a post-judgment motion under Rule 60(b).

The petitioner argues that a stay may properly issue outside the express parameters of § 2251, at least where the circumstances are exigent and a Rule 60(b) claim is not non-meritorious on its face. In support of his motion for a stay pending adjudication of his Rule 60(b) motion, petitioner cites my colleague Judge Dan Polster's decision in *Cooey v. Bradshaw*, 216 F.R.D. 408 (N.D. Ohio), *motion to vacate denied en banc*, 338 F.3d 615 (6th Cir. 2003). The petitioner also seeks issuance of a stay under the All Writs Act, 28 U.S.C. § 1651(a).

In *Cooey* the petitioner filed a Rule 60(b) motion a few days before his scheduled execution date. Because, in Judge Polster's view, the Rule 60(b) motion cast "a cloud over the integrity of the habeas process, [so] that it would be unseemly for Cooey to be executed while that cloud exists," 216 F.R.D. at 416, he issued an order staying execution. The Sixth Circuit, sitting *en banc*, overruled the State's motion to vacate that order. 338 F.3d 615 (6th Cir. 2003).

Here, in contrast to the exigencies of time confronting Judge Polster, the petitioner's Rule 60(b) motion has been pending for four months, and eight weeks remain before the scheduled execution date.

The petitioner was convicted of murdering the Elgin, Ohio, Postmistress. The principal federal investigator of that crime was Postal Inspector Paul Hartman. The State, which procured much, if not nearly all of its evidence against the petitioner from the investigation led by Inspector Hartman, prosecuted the case on the espoused theory that one Delany Gibson had committed the crime with the petitioner.

The State advanced this theory despite the existence of evidence, which was not produced at trial, that the evening before the crime (which occurred about the time the Elgin Post Office was to open) Gibson was several hundred miles away from Elgin.

The petitioner bases his instant Rule 60(b) motion on statements allegedly recently made by Hartman to various individuals, including, among others, a Cleveland *Plain Dealer* reporter and counsel

for the petitioner. Those statements, according to the petitioner, are to the effect that, prior to trial Hartman had concluded that Gibson had nothing to do with the crime for which the petitioner was convicted. Petitioner also contends that Hartman has stated that, prior to petitioner's state court trial, he informed the prosecutor about his belief that Gibson was not involved.

Following the filing of the Rule 60(b) motion, I concluded that consideration of that motion should take two steps: 1) determination of whether to hold an evidentiary hearing; and 2) consideration of the merits of the motion. So that an adequate record could be created, not just for my consideration of the Rule 60(b) motion, but, as well, for purposes of appellate review, a period for discovery was scheduled.

Discovery – mostly in the form of depositions of Hartman and various persons to whom he allegedly made statements expressing his belief that Gibson was not involved – has been completed. The respondent contends that, because what evidence there is is now to be found in those depositions, no hearing is necessary. The respondent has asked to file a motion to deny the Rule 60(b) motion on the basis of that evidence.

I have agreed to do so, and will treat the respondent's forthcoming motion as a motion for summary judgment. Thus, any disputed material facts in those depositions will be viewed in the petitioner's favor. A revised briefing schedule has been entered and the respondent's motion will be decisional on September 2, 2005.

I anticipate being able to decide whether summary judgment is appropriate, and, if so, whether it should be granted or denied, very soon after the respondent's motion becomes decisional. Depending on

the ruling on that motion, either party may appeal, and petitioner can, if he has not already done so following issuance of this Order, seek a stay from the Sixth Circuit.[1]

The propriety of issuing a stay in the present procedural circumstance is very doubtful. Without ruling defintively on respondent's claim that no stay can issue under § 2251, I note that that statute is quite explicit, and neither of the two express conditions for granting a stay under that provision is present here.

To issue a stay under the All Writs Act, 28 U.S.C. § 1651(a), is also of dubious propriety (though I likewise do not rule on this issue for now). *See Syngenta Crop Prot., Inc., v. Henson*, 537 U.S. 28, 31 (2002) (quoting *Pa. Bureau of Corr. v. U. S. Marshals Serv.*, 474 U.S. 34, 43 (1985)) ("Where a statute specifically [such as § 2251] addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.").

Unlike Judge Polster, who granted a stay request with regard to a pending Rule 60(b) motion where execution was imminent, I believe I have time to review and adjudicate the merits of the pending Rule 60(b) motion. Though time following my ruling will be short, it should suffice to determine whether a stay is then necessary or otherwise appropriate.

In the meantime, given the great uncertainty that exists with regard to whether a stay can properly issue (indeed, whether I even have jurisdiction to issue such order), I decline to do so.

---

[1] According to my understanding, petitioner can appeal denial of his pending motion for a stay forthwith. Because a stay of execution is a form of injunction, its denial is an interlocutory order that can be appealed directly pursuant to 28 U.S.C. § 1292(a)(1). *See In re Phil Parker*, 49 F.3d 204, 207 (6th Cir. 1995) ("Rather than petition for mandamus the state could directly appeal the stay, treated as an injunction."); *see also Franklin ex rel. Berry v. Francis*, 114 F.3d 429, 432 (6th Cir. 1998).

I reach this decision despite the consequence that petitioner's counsel will be compelled to prepare for and participate in a mandatory clemency hearing. This will be a time- and resource-consuming process, and might prove unnecessary if petitioner were to procure a stay.[2]

That circumstance cannot, however, be weighed in the balance, much less control my decision on the motion for a stay of execution. The proper course is to avoid, at least for now, the very substantial procedural and jurisdictional uncertainties attendant on a decision to grant a stay.

It is, therefore,

ORDERED THAT the petitioner's motion for a stay of execution be, and the same hereby is denied, without prejudice to the right to renew as circumstances may warrant.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge

---

[2] There is some uncertainty as to whether, in any event, the clemency hearing would not take place even if a stay were issued. It is, though, clear that such hearing will occur now that the motion for a stay has been denied.